IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AFSANEH AZADEH )<br>)<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>THE GOVERNMENT OF THE )<br>ISLAMIC REPUBLIC OF IRAN, )<br>)<br>)<br>and )<br>)<br>THE ARMY OF THE GUARDIANS )<br>OF THE ISLAMIC REVOLUTION )<br>)<br>)<br>Defendants )<br>) | Civil Action No.: 16-CV-1467 |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL LEGAL AUTHORITY IN SUPPORT OF HER MOTION FOR DEFAULT JUDGMENT**

Plaintiff, through undersigned counsel, respectfully submits her Notice of Supplemental Legal Authority. On September 29, 2017, the U.S. District Court for the District of Columbia decided *Hekmati v. Islamic Republic of Iran*, No. 16-00875, 2017 WL 4386900 (D.D.C. Sept. 29, 2017).

Like Ms. Azadeh, the plaintiff in *Hekmati* was tortured in Iran in Evin Prison. The Court awarded Mr. Hekmati $10 million in post-release pain and suffering based upon Hekmati's life expectancy and his expected level of suffering post-release. *Id*. at *12. Mr. Hekmati was 32 years old when he was released and was expected to live another 45 years with injuries that were "likely to persist." *Id*.

Ms. Azadeh had a life expectancy of over 40 years following her release in 2012.  Pl.'s Proposed Findings of Fact and Conclusion of Law, Ex. 12 at 2, June 26, 2017, ECF No. 14 (noting that Ms. Azadeh's life expectancy is 83.8).  Ms. Azadeh suffered both short-term and long-term injuries post-release.  In the short-term, she was forced to remain in Iran for 8 months and constantly feared she would be rearrested and tortured again.  Pl.'s Proposed Findings of Fact and Conclusion of Law at 39-40.  The long-term consequences of her torture are discussed in Plaintiff's Proposed Findings of Fact and Conclusions of Law.  In light of the significance of her continued suffering, and her life expectancy, an award of $11 million post-release pain and suffering is appropriate and consistent with that awarded to *Hekmati*.

At the plaintiff's request, the court in *Hekmati* measured the plaintiff's pain and suffering during imprisonment using a $10,000 a day formula.  *See Hekmati*, 2017 WL 4386900, at *12.  Use of the per diem formula resulted in an award of $16.02 million to Mr. Hekmati for pain and suffering during imprisonment.  As argued in the motion for default judgment here, application of a rigid per diem formula in Ms. Azadeh's case would not adequately compensate her for the severity of her pain and suffering.  Pl.'s Proposed Findings of Fact and Conclusion of Law at 36-39.  Accordingly, Ms. Azadeh has requested that a different measure of pain and suffering during imprisonment be utilized in her case.  *See id.*

Dated: October 11, 2017	Respectfully submitted,

 /s/ Kirby D. Behre
Kirby D. Behre (D.C. Bar # 398461)
Laura G. Ferguson (D.C. Bar #433648)
Lamia R. Matta (D.C. Bar # 484444)
Miller & Chevalier Chartered
900 16th Street, NW
Washington, D.C. 20006
Tel:	(202) 626-5800
Fax:	(202) 626-5801
Email: kbehre@milchev.com
Email: lferguson@milchev.com
Email: lmatta@milchev.com