UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AFSANEH AZADEH )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE GOVERNMENT OF THE )<br>ISLAMIC REPUBLIC OF IRAN, *et al.*, )<br>)<br>Defendants. )<br>) | Case No. 16-cv-1467(KBJ/GMH) |

ORDER TO SHOW CAUSE

It appears from Plaintiff's Proposed Findings of Fact and Conclusions of Law in support of her Motion for Default Judgment [Dkt. 12-1], as well as other docket entries in this case related to service [Dkt. 5; Dkt. 5-1; Dkt. 6], that Plaintiffs have effectuated service on Defendants the Government of the Islamic Republic of Iran and the Army of the Guardians of the Islamic Revolution *only* pursuant to 28 U.S.C. § 1608(a)(4), i.e., via diplomatic channels, and not first by attempting service pursuant to section 1608(a)(3), i.e., via a form of mail requiring a signed receipt. [Dkt. 12-1 at 20; Dkt. 5-1]. Citing the *Attorney Manual for Service of Process on a Foreign Defendant*, issued by the United States District Court for the District of Columbia, Plaintiff asserts that, "insofar as Defendants are affiliated with the Government of Iran, Plaintiff need not attempt service under other provisions of 28 U.S.C. § 1608 prior to request service under § 1608 (a)(4)." [Dkt. 5-1].[1] However, recent decisions from this Court have held that service on Iran may not be

---

[1] The Manual states: "The countries of Iran and Iraq have not objected to service by mail. However, many attempts at service by mail or courier are unsuccessful. Therefore, it is okay for an attorney to request service directly through diplomatic channels (28 U.S.C. § 1608(a)(4)) without attempting service under any other provisions first." *Attorney Manual for Service of Process on a Foreign Defendant* 1, 7 (Amended March 2016), http://www.dcd.uscourts.gov/sites/dcd/files/AttyForeignMlg2016wAttach.pdf.

perfected solely via diplomatic channels pursuant to section 1608(a)(4), have rejected any interpretation of the *Attorney Manual* that might be read to permit otherwise, and have required service to be attempted first via a form of mail requiring a signed receipt pursuant to section 1608(a)(3). *See Relvas v. Islamic Republic of Iran*, No. 14–cv–01752–RCL (D.D.C. Feb. 18, 2016) (Mem. & Order) at 2–3, [Dkt. 32] (explaining that the Attorney Manual "only speak[s] of § 1608(a)(3) as a bureaucratic prerequisite to *requesting* service through diplomatic means from the Clerk's Office and State Department," and noted the "exclusive manner to demonstrate that service cannot be effected within thirty days under § 1608(a)(3) is to attempt such service"); *Estate of Hirshfeld v. Islamic Republic of Iran*, 235 F. Supp. 3d 45, 47 (D.D.C. 2017) ("The statute provides that service pursuant to § 1608(a)(4) is permissible *only* if service cannot be made within 30 days under subsection (a)(3)."); *Karcher v. Islamic Republic of Iran*, 249 F. Supp. 3d 557, 559 (D.D.C. 2017) (holding that service was perfected after Plaintiff's complied with a court order to "make diligent efforts to serve Defendant" and effected service under § 1608(a)(3) after effecting service under § 1608(a)(4)); *see also Barot v. Embassy of Zambia*, 785 F.3d 26, 27 (D.C. Cir. 2015) ("When serving a foreign sovereign, 'strict adherence to the terms of 1608(a) is required.'" (quoting *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 30 F.3d 148, 154 (D.C. Cir. 1994))). These cases are not addressed in Plaintiff's filings in support of her request for a default judgment. Accordingly, in order to continue to administer this civil action in a manner fair to the litigants and to ensure the efficient resolution of this action, it is hereby

**ORDERED** that on or before May 7, 2018, Plaintiff shall show cause as to why her motion for default judgment should not be denied for failure of service on Defendants. In her response, Plaintiff shall address the above-cited cases and set out the factual and legal basis for her belief

that she has perfected service on Defendants consistent with the requirements of 28 U.S.C. § 1608(a). In the alternative, Plaintiff may file a response that she is seeking to perfect service under section 1608(a), consistent with the above-cited cases, and seek additional time from the Court to do so.

**SO ORDERED.**

Date: April 23, 2018

_____
G. MICHAEL HARVEY
United States Magistrate Judge